UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81407-Cannon/McCabe

CAULFIELD & WHEELER, INC.

    Plaintiff,

v.

MARSH & MCLENNAN
AGENCY, LLC

    Defendant.
_____/

## AMENDED REPORT & RECOMMENDATION[1]

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss and Motion to Strike Demand for Attorneys' Fees ("Motion") (DE 6), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 10).  For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED.**

**I.**    **BACKGROUND**

This is a failure-to-procure case brought against an insurance broker.  The Court accepts the following facts as true, taken from the complaint (DE 1-2).  At some point in the past, Plaintiff, a civil engineering firm, hired Defendant, an insurance broker, to procure an insurance policy to cover certain aspects of Plaintiff's business operations (DE 1-2 ¶¶ 2, 3, 10).  To that end, Defendant procured a policy (the "Policy") issued by the Federated Insurance Company (the "Insurer") (DE 1-2 ¶¶ 9-10).

---

[1] The Court submits this Amended Report and Recommendation solely to fix a typographical error in the previous Report and Recommendation (DE 11).  This revised version will not alter any of the deadlines set forth in the previous version.

As part of its business operations, Plaintiff utilizes an aerial drone that carries an expensive laser and integration kit (DE 1-2 ¶¶ 14, 15). In 2021, Plaintiff requested that Defendant take the necessary steps to add this additional equipment, including the drone, the laser, and the integration kit to the "schedule of insured items" under the Policy (DE 1-2 ¶ 11, 15). In late December 2021, Defendant confirmed by email that the new equipment had been added to the Policy (DE 1-2 ¶¶ 12-13). This was false. In truth and fact, Defendant had not taken the steps necessary to add the new equipment to the schedule of insured items under the Policy (DE 1-2 ¶ 16).

Thereafter, in March 2022, an incident occurred that caused Plaintiff's drone to malfunction and crash to the ground, destroying the drone itself, as well as the laser and the integration kit (DE 1-2 ¶ 14). On March 11, 2022, Plaintiff made a claim on the Policy for the loss of the laser and the integration kit (DE 1-2 ¶ 18). The Insurer denied the claim, as the "laser and integration kit were not scheduled on the policy" (DE 1-2 ¶ 20).

This complaint followed, with Plaintiff alleging three tort claims arising from Defendant's failure, as insurance broker, to obtain coverage over the items that Plaintiff requested:

Count I        Professional Negligence

Count II       Breach of Fiduciary Duty

Count III      Promissory Estoppel

(DE 1-2 ¶¶ 27-53).

## II.   **LEGAL STANDARD**

By way of this Motion, Defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short

and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Defendant urges dismissal on two grounds: (1) Plaintiff's tort claims against Defendant have not yet accrued, and (2) Plaintiff cannot state a claim for attorneys' fees as a matter of law. The Court will address each argument in turn.

#### A. Accrual

Defendant first urges dismissal based on *Blumberg v. USAA Casualty Insurance Co.*, 790 So.2d 1061, 1065 (Fla. 2001), a case that addresses the proper accrual date, for purposes of the statute of limitations, for failure-to-procure cases against insurance brokers. In *Blumberg*, the plaintiff sued his insurance company after the company refused to cover the loss of his prized baseball card collection. *Id.* at 1063. The case proceeded to trial, at which point, the trial court entered a directed verdict in favor of the insurance company, finding the policy did not cover the baseball card collection. *Id.*

The plaintiff then launched a new lawsuit against his insurance broker for failure to procure coverage over the prized collection. *Id.* The broker defended the suit by arguing the statute of limitations had expired while plaintiff was engaged in his initial litigation against the insurance company. *Id.* The Florida Supreme Court rejected this argument, reasoning that a cause of action

cannot accrue for purposes of the statute of limitations until a plaintiff first suffers "damages." *Id.* at 1065. The court reasoned that the plaintiff had no "damages" until he lost his suit against the insurance company. *Id.* Accordingly, the court concluded that "in the circumstances presented here, a negligence/malpractice cause of action [against an insurance broker] accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings [against the insurance company] or, if there are no related or underlying judicial proceedings, when the client's right to sue in the related or underlying proceeding expires." *Id.*

Defendant argues that, pursuant to *Blumberg*, Plaintiff's failure-to-procure claim has not yet accrued because Plaintiff has not yet sued the Insurer, nor has the statute of limitations for doing so expired (DE 6 at 3). Again pointing to *Blumberg*, Defendant argues this case must be stayed, abated, or dismissed until Plaintiff's claims have properly accrued. *See id.* (noting that "the defense can move for an abatement or stay of the claim on the ground that the negligence/malpractice action has not yet accrued").

The Court disagrees and finds that *Blumberg* does not apply where, as here, a plaintiff concedes from the outset that the insurance company has no liability or potential liability to cover the loss at issue. The complaint in this case alleges at least ten times that the Policy did not cover the loss to the laser or the integration kit (DE 1-2 ¶¶ 16, 20, 30, 33-35, 44-46, 50-51). In the Court's view, *Blumberg* does not require Plaintiff to launch a new lawsuit against the Insurer (which Plaintiff concedes would be frivolous) merely to prove something that Plaintiff has already alleged in its own complaint. Put another way, accepting all allegations as true, Plaintiff has already suffered "damages" for purposes of accrual.

The Court finds support in two decisions issued by other courts in this district. First, in *Astor Global, LLC v. Lally*, No. 1:19-CV-23904, 2020 WL 4561220, at *2 (S.D. Fla. Mar. 23,

4

2020), a plaintiff brought a failure-to-procure claim against an insurance broker arising from a failure to procure insurance coverage over a maritime vessel. The broker, like the Defendant here, urged dismissal under *Blumberg* on the grounds that the plaintiff had not yet sued the underlying insurance company, making the claim premature. *Id.* at *3. The plaintiff responded by arguing that it had "no basis" to bring a viable claim against the insurance company. *Id.* at *3 n.2.

The *Lally* court dismissed the complaint pursuant to *Blumberg*, but simultaneously granted leave to file an amended complaint (a copy of which the plaintiff had provided to the court), which further explained how and why no viable claim existed against the insurance company. *Id.* at *3. The court did so over a defense objection that such amendment would be futile in light of *Blumberg*. *Id.* In rejecting the futility argument, the court reasoned that *Blumberg* rested its accrual analysis on the absence of damages due to pending questions about the scope of insurance coverage in that case. *Id.* The proposed amended complaint, in contrast, alleged that the defendant insurance broker had completely failed to procure insurance coverage at all. *Id.* at *4. As such, accepting all allegations in the amended complaint as true, the court viewed damages to have been "consummated" from the moment the broker failed to procure insurance coverage, making *Blumberg* "inapplicable." *Id.*

Likewise, in *American Purchasing Services, Inc. v. Pacific Insurance Co.*, No. 09-CV-23032, 2010 WL 11506364, at *4 (S.D. Fla. July 8, 2010), a plaintiff similarly brought a failure-to-procure claim against an insurance broker after the broker procured the wrong type of windstorm coverage. The broker urged abatement under *Blumberg* on the grounds that the plaintiff had not yet sued the underlying insurance company, again making the claim premature. *Id.* Like the court in *Lally*, the court in *American Purchasing* rejected this argument, reasoning that *Blumberg* rested its accrual analysis on the absence of viable damages due to pending questions

about the scope of insurance coverage in that case. *Id.* In contrast, the complaint before the court in *American Purchasing* alleged that the broker had procured the wrong type of insurance, meaning that damages had been "consummated" from the moment the broker obtained the wrong insurance. *Id.* The *American Purchasing* court therefore found *Blumberg* to be *"inapplicable." Id.*

This Court agrees with the well-reasoned decisions in *Lally* and *American Purchasing,* and likewise finds *Blumberg* to be inapplicable under the facts alleged here. Plaintiff need not institute a frivolous lawsuit against the Insurer, or wait for the statute of limitations for doing so to expire, in order for its claims to accrue. Rather, assuming all facts in the complaint to be true and correct, Plaintiff has already suffered damages and its claims have already accrued. As such, the Motion should be denied.

    **B.**    **Motion to Strike Attorneys' Fees**

Defendant next urges the Court to strike or dismiss Plaintiff's requests for attorneys' fees on the grounds that Plaintiff has no statutory or contractual right to such fees (DE 6 at 10). Defendant may well be correct, but in federal court, there is "no special pleading requirement" for attorneys' fees. *See Sai Hosp. Mgmt. Co., LLC v. Rockhill Ins. Co.*, No. 2-20-CV-00280-JLB-MRM, 2021 WL 463812, at *2 (M.D. Fla. Feb. 9, 2021) (denying motion to dismiss or strike a claim for attorney's fees). Indeed, in federal court, a plaintiff can pursue post-judgment attorneys' fees even when the plaintiff failed altogether to plead entitlement to such fees in the complaint. *See Cap. Asset Rsch. Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000) (explaining that failure to expressly request attorney's fees in the pleadings does not deprive a court of subject matter jurisdiction to entertain a post-judgment motion for fees).

Given this, federal courts generally decline to strike portions of a complaint, or order the re-pleading of a complaint, merely to delete a request for attorneys' fees. *See, e.g., Sai Hosp.*

*Mgmt. Co., LLC*, 2021 WL 463812, at *2.  If Plaintiff prevails in this case and thereafter files a post-judgment motion for attorneys' fees, Defendant will have the opportunity to argue that Plaintiff has no statutory or contractual right to such fees.  In the meantime, the Motion should be denied.

IV.     **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 6) be **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 29th day of January 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE